UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARC FRANCO,

    Plaintiff,

v.                                                                              CASE NO. 8:15-cv-2834-T-26JSS

SUN TRUST BANK,

    Defendant.
_____/

**O R D E R**

**PENDING BEFORE THE COURT** for Resolution is Plaintiff's Motion for Reconsideration or New Trial filed pursuant to Rules 50(d) and 59(e) of the Federal Rules of Civil Procedure.[1] After careful consideration of the procedural history of this case, together with Plaintiff's submissions, the Court concludes that the motion is due to be denied, thereby obviating the need for a response from Defendant.

---

[1] The Court notes that Rule 50(d) is captioned "**Time for Losing Party's New Trial Motion**" and provides that "[a]ny motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after entry of the judgment." Rule 59(e), however, does not govern a party's ability to seek a new trial but is limited to a party seeking to "alter or amend a judgment" with such a motion having to "be filed no later than 28 days after the entry of the judgment." Thus, the Court will be guided by the legal principles governing the disposition of a motion to alter or amend a judgment. See Lockard v. Equifax, Inc., 163 F. 3d 1259, 1267 (11th Cir. 1998); O'Neal v. Kennamer, 958 F. 2d 1044, 1047 (11th Cir. 1992).

Plaintiff's main contention is that this Court erroneously relied on Geogia law, notwithstanding a Georgia choice of law provision in Plaintiff's employment contract with Defendant,[2] and thus committed a manifest error of law in granting judgment as a matter of law in favor of Defendant on Plaintiff's defamation claim.[3] Plaintiff argues that because the parties and the Court relied exclusively on Florida defamation law throughout the pretrial proceedings that Defendant waived the choice of law provision in the employment contract. Plaintiff's fall back argument is that the Court committed error in determining that Georgia law applied and in doing so misinterpreted Telecom Italia, SPA v. Wholesale Telecom Corp., 248 F. 3d 1109 (11th Cir. 2001).

With regard to the first contention, the Court begins by reiterating what it announced at the time it considered arguments on Defendant's oral motion for judgment as a matter of law. That is, under a recently decided Eleventh Circuit opinion "courts are permitted - indeed, obligated - to conduct their own research on legal issues before it." Guice v. Postmaster Gen., U.S. Postal Serv., 2017 WL 5952685, at *2 (11th Cir. Dec. 1, 2017) (unpublished) (quoting United States v. Davis, 183 F. 3d 231, 252-53 (3rd Cir. 1999) for the proposition that "[T]he trial court cannot leave everything to the lawyers. The judge has an immanent obligation to research the law . . ." and Universe Sales Co. v. Silver Castle, Ltd., 182 F. 3d 1036, 1039 (9th Cir. 1999) for the principle that "[C]ourts may do their own research in order to ascertain foreign law."). Thus, this Court acted consistent with its obligation to ascertain at time of trial whether Florida's

---

[2] See docket 126, Exhibit 4.

[3] The Court dismissed Plaintiff's tortious interference with business relationships claim at the commencement of the first trial which ended in a mistrial. See docket 104, pages 12-13.

or Georgia's law of defamation would apply to Plaintiff's claim, even though the focus of the parties and the Court during the pre-trial proceedings was on Florida law.

Furthermore, Plaintiff was alerted to the fact during the course of the first trial (which ended in a mistrial) of the applicability of Georgia law. On two occasions, the Court relied on Georgia law in ruling in favor of Defendant.[4] Significantly, on the first occasion, Plaintiff's counsel agreed with the Court's assertion that "[w]e're talking about Georgia law now; right?" And, during the course of oral argument on Defendant's motion for mistrial at the second trial, Plaintiff's counsel again conceded that "[l]argely it's a Georgia law issue."[5]

Finally, because Plaintiff is seeking to alter or amend the judgment granting judgment as matter of law to Defendant, Plaintiff is foreclosed from raising a new argument. See O'Neal v. Kennamer, 958 F. 2d 1044, 1047 (11th Cir. 1992) (observing that (1) "[t]he decision to alter or amend a judgment is committed to the sound discretion of the district court[;]" (2) [m]otions to amend should not be used to raise arguments which could have, and should, have been made before the judgment was issued[;]" and (3) "[d]enial of a motion to amend is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation.") (internal quotation marks and citation omitted); see also Lockhard v. Equifax, Inc., 163 F. 3d 1259, 1267 (11th Cir. 1998) (stating that "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.") (footnote omitted). In this case, Plaintiff never raised the waiver issue before the Court during argument on Defendant's motion for judgment as a

---

[4] See docket 104, pages 9-10, and docket 105, pages 93-95.

[5] See docket 135, page 5.

matter of law[6] and has failed to articulate in this motion why he failed to do so.  And, because Plaintiff failed to prevail on the critical substantive issue of whether Florida or Georgia defamation law should govern his claim against Defendant, he cannot now raise for the first time the new issue of whether Defendant (and by implication this Court) waived its right to even rely on the choice of law provision in the parties' employment contract.  In light of the foregoing, the Court chooses to exercise its discretion and reject Plaintiff's waiver argument.

With respect to Plaintiff's second contention that the Court erred in ultimately determining that George's law of defamation, as opposed to Florida's, governed the resolution of Plaintiff's claim, the Court adheres to the analysis orally pronounced at the hearing on Defendant's motion for judgment as a matter of law, including its interpretation and reliance on the principles set forth in Telecom Italia, SPA v. Wholesale Telecom Corp., 248 F. 3d 1109 (11th Cir. 2001).[7]  Thus, the Court, in the exercise of its discretion, likewise rejects this argument.

**ACCORDINGLY,** for the reasons expressed, Plaintiff's Motion for Reconsideration or New Trial (Dkt. 137) is **denied.**

**DONE AND ORDERED** at Tampa, Florida, on January 5, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[6] See docket 135.

[7] See docket 135